UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

|  |  |  |
|---|---|---|
| MEDPARTNERS, INC., | ] | |
| | ] | |
| Plaintiff(s), | ] | |
| | ] | |
| vs. | ] | CV-99-N-1774-S |
| | ] | |
| FEDERAL INSURANCE COMPANY, | ] | |
| INC., et al., | ] | |
| | ] | |
| Defendant(s). | ] | |

**Memorandum of Opinion**

The court has for consideration the following motions: (1) MedPartners, Inc.'s ("MedPartners") application for a preliminary injunction, filed September 1, 1999[1] (Docket Entry 8, 9); (2) Federal Insurance Company Inc.'s ("Federal") motions to dismiss, or to stay proceedings pending arbitration filed September 3, 1999 and September 8, 1999 (Docket Entry 10, 12); and (3) American Arbitration Association's ("AAA") motion to dismiss filed September 27, 1999 (Docket Entry 23).[2]

**I.   Introduction**

The dispute between the parties arises out of a policy of insurance issued by Federal Insurance Company to the plaintiff and its directors to provide for certain excess insurance coverage to take effect only upon the exhaustion of the primary coverage policy

---

[1] In its September 2, 1999 Order, the court deemed the application for a temporary restraining order as an application for a preliminary injunction.

[2] MedPartners also filed a motion on October 22, 1999, (Docket Entry 26) by which it sought to amend its complaint to eliminate any references to the arbitration agreement. It withdrew that motion just prior to the commencement of the hearing on Thursday, December 2, 1999.



issued by National Union Insurance Company. The excess coverage policy issued by Federal contained a clause by which its coverage was to be under the same terms and conditions as those of the underlying primary policy.[3] Endorsement number eight of the primary policy, in pertinent part of the section setting forth the dispute resolution process, provides:

> Either the Insurer and the Insureds may select the type of ADR discussed below; provided, however, that the Insureds shall have the right to reject the Insurer's choice of ADR at any time prior to its commencement, in which case the Insured's choice of ADR shall control.

Plaintiff's Exhibit 18. Because the plaintiff has withdrawn its motion to amend the complaint to withdraw references to the ADR clause, the parties now agree that the ADR clause set out in endorsement number eight is a part of Federal's insuring agreement and that it should be enforced according to its terms.

Federal has initiated the arbitration process with the AAA and demands that its contracted right to this ADR process be respected. MedPartners, on the other hand, seeks to enjoin Federal and the AAA from proceeding with arbitration, claiming first that by initiating the arbitration process Federal has attempted to deprive it of the right to choose mediation, the alternative ADR process established by the contract of insurance; and second, that by submitting certain questions to New York lawyer Robert B. Fiske, Jr. the parties have already engaged in the mediation process.

---

[3] The insuring clause of the Federal policy provides:
> The Company shall provide the insureds with insurance during the Policy Period excess of the Underlying Insurance. Coverage hereunder shall attach only after all such Underlying Insurance has been exhausted and shall then apply in conformance with the terms, conditions and endorsements of the Primary Policy except as specifically set forth in the terms and conditions and endorsements of this policy.

Plaintiff's Exhibit 19.

2

## II. Discussion

Section 3 of the Federal Arbitration Act, 9 U.S.C. §§ 1 *et seq.* (the "FAA") provides:
> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.

9 U.S.C. § 3. However, the FAA does not require parties to arbitrate when they have not agreed to do so. *American Express Financial Advisers, Inc. v. Makarewicz*, 122 F.3d 936, 940 (11th Cir. 1997). The FAA creates a presumption in favor of arbitration; consequently, parties must clearly express their intent to exclude categories of claims from their arbitration agreement. *Paladino v. Avnet Computer Technologies, Inc.*, 134 F.3d 1054, 1057 (11th Cir. 1998). Nevertheless, "courts are not to twist the language of the contract to achieve a result which is favored by federal policy but contrary to the intent of the parties." *Id.* citing *Goldberg v. Bear, Stearns, & Co.*, 912 F.2d 1418, 1419-20 (11th Cir. 1990). Accordingly, in determining whether a suit or proceeding is referable to arbitration for the purposes of ruling on a motion to stay and to enforce an arbitration agreement, a district court must decide whether there is a written agreement to arbitrate between the parties, and whether the issues raised are within the reach of that agreement. *See Midwest Mechanical Contractors, Inc. v. Commonwealth Constr. Co.*, 801 F.2d 748, 750 (5th Cir. 1986). "Once it is determined ... that the parties are obligated to submit the subject matter of a dispute to arbitration, 'procedural' questions which grow out of the dispute and bear

3

on its final disposition should be left to the arbitrator." *John Wiley & Sons, Inc. v. Livingston*, 376 U.S. 543, 557 (1964).

Clearly, the ADR provision of the underlying insurance contract is applicable to the excess coverage policy issued by Federal and no party now contests that suggestion. Moreover, neither party now seriously disputes that the underlying matter between MedPartners and Federal is exactly the kind of disagreement that would be subject to the ADR provision of the contract and the court concurs in that assessment.

In pertinent part, the ADR provision in the contract provides:

> It is hereby understood and agreed that all disputes or differences which may arise under or in connection with this policy, whether arising before or after termination of this policy, including any determination of the amount of Loss, shall be subject to the dispute resolution process ("ADR") set forth in this clause.

As articulated by the former Fifth Circuit, "[u]nless it can be said with positive assurance that an arbitration clause is not susceptible of an interpretation which would cover the dispute at issue, then a stay pending arbitration should be granted." *Wick v. Atlantic Marine*, 605 F.2d 166, 168 (5th Cir. 1979). In the present matter, the ADR clause plainly covers the disputes at issue. According to Federal, the pertinent issues are whether MedPartners failed to comply with various terms in the policy by excluding it from participation in the negotiations that led to settlement of the underlying lawsuit against MedPartners by some of its shareholders and, consequently, whether Federal is now obligated to make payments under its excess policy for a settlement made without its participation or consent. Furthermore, this interpretation of the issues is bolstered by MedPartners First Amended Complaint in which it alleges that Federal's actions constitute

4

a breach of the insurance policy, that Federal handled its claim under the policy in bad faith, and that Federal misrepresented the scope of the policy's coverage by stating that securities claims would be covered and then refusing to pay these claims under the policy[4].

MedPartners primary assertion is that the provision has not been properly invoked because Federal has preempted its contractual right to reject arbitration in favor of mediation. In particular, it alleges that Federal filed its demand with the AAA, commencing arbitration, before it notified MedPartners of its ADR selection. Federal responds that this is a "procedural" issue properly resolved by the arbitrators, rather than by the court. *See John Wiley & Sons, Inc. v. Livingston*, 376 U.S. 543, 557 (1964); *Alabama Educ. Ass'n v. Alabama Prof'l Staff Org.*, 655 F.2d 607, 608 (5th Cir. 1981); *United Steelworkers of America, AFL-CIO v. McGraw-Edison Power Sys.*, No. 71-647-S, 1971 WL 870, at *4 (N.D. Ala. Dec. 13, 1971).

In *John Wiley & Sons*, which concerned arbitration under a collective bargaining agreement, the contract established a series of steps to be followed before arbitration would begin: (1) a conference between the affected employee, a Union Steward and the Employer . . .; (2) submission of the grievance to a conference between an officer of the Employer, the Union Shop Committee and/or a representative of the Union; and (3) arbitration is commenced in the event that the grievance shall not have been resolved or settled in step 2. Wiley argued that since the first two steps were not followed, it had no

---

[4] The court notes that in its brief, MedPartners argued that Federal, as a non-signatory to the underlying and primary insurance contract, lacks standing to enforce the ADR provisions of that contract. As noted above, the plaintiff has essentially abandoned that argument. In any event, Federal's contract with MedPartners clearly obligated it to provide coverage on the same terms and conditions as did the primary policy. The ADR provision is one of the "terms and conditions" upon which coverage was provided.

5

duty to arbitrate the dispute. *John Wiley & Sons,* 376 U.S. at 556. Additionally, it urged the Court to adopt the rule that questions concerning compliance with procedural prerequisites to arbitration be committed to decision by the court, rather than the arbitrator. The Supreme Court rejected that argument stating "once it is determined, as we have, that the parties are obligated to submit the subject matter of a dispute to arbitration, 'procedural' questions which grow out of the dispute and bear on its final disposition should be left to the arbitrator." *Id. at* 557.

Just as was the case in *John Wiley & Sons,* MedPartners' argument centers on whether the pre-arbitration "steps," namely having the opportunity to reject arbitration, were met. This is clearly a matter of procedure which *John Wiley* teaches must be left to the arbitrator. Moreover, the alternative argument that the parties have already mediated the issues is a procedural one that must also be decided first by the arbitrator.

### III.   Conclusion

In summary, the plaintiff's challenges to ADR are procedural in nature and must be left to decision by the arbitrator. Consequently, the motion of defendant Federal to stay proceedings and compel arbitration will be granted. The court's decision that will require MedPartners to submit its dispute with Federal to arbitration has the effect of also resolving any dispute with the AAA. Thus, the AAA motion to dismiss it as a party to this action is mooted. Finally, since MedPartners does not prevail on its primary challenge to the ADR requirement of its contract with Federal, it cannot be entitled to a preliminary injunction.

Additionally, where staying the case serves no useful purpose, the proper course is to dismiss the action. *See Stiles v. Home Cable Concepts,* 994 F. Supp. 1410 (M.D. Ala.

1998). Here, all of the claims asserted in the Amended Complaint fall within the broad dispute resolution clause of the policy, which applies to "all disputes or differences which may arise under or in connection with this policy . . . ." Accordingly, the case is dismissed without prejudice to the right of any party to seek appropriate review in this court at the conclusion of the arbitration proceeding. The court will specifically retain jurisdiction for the purpose of conducting any appropriate proceedings. Any party to this action is given leave to petition the court to reopen the matter without payment of any additional filing fee at the conclusion of the arbitration, and upon a showing that there remain matters appropriate for consideration by the court. The court will enter an appropriate order in conformity with this memorandum of opinion.

Done, this 9th of December, 1999.

EDWIN L. NELSON
UNITED STATES DISTRICT JUDGE